**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ALEKSEI BAKUMETS,

Petitioner,

v.

WARDEN, Adelanto ICE Processing Center, *et al.*,

Respondents.

Case No. 5:26-cv-03731-JWH-SSC

**MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION**

On July 6, 2026, Petitioner Aleksei Bakumets filed this counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.[1] Bakumets is a citizen of Russia currently in immigration detention in Adelanto, California.[2]

Bakumets alleges that the Department of Homeland Security paroled him into the United States pursuant to 8 U.S.C. § 1182(d)(5) in April 2023.[3] Bakumets's family filed a timely asylum application.[4] Bakumets was re-detained on June 27, 2026.[5] Bakumets claims that he has no criminal history.[6]

Bakumets argues that his detention violates due process, that 8 U.S.C. § 1226(a)—not 8 U.S.C. § 1225(b)—applies to him, and that his detention violates the Administrative Procedure Act.[7] Bakumets seeks immediate release and contends that a post-deprivation bond hearing would not be an adequate remedy.[8] Bakumets also asks the Court to "[o]rder Respondents to return to Bakumets, at the time of release, any documents in their custody, including his identification, employment authorization, and travel documents" and "[p]ermanently [to] enjoin Respondents from re-arresting or re-detaining Petitioner absent full compliance with constitutional protections, including (i) no less than seven (7) days' advance written notice to Petitioner and his

---

1 Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1].

2 *Id.* at ¶ 9.

3 *Id.* at ¶¶ 1 & 20. Because Respondents have provided no information about Bakumets, all facts contained herein are taken directly from the Petition unless otherwise noted.

4 *Id.*

5 *Id.*

6 *Id.* at ¶ 27.

7 *Id.* at ¶¶ 32–46.

8 *Id.* at ¶¶ 47-51.

counsel and (ii) a pre-deprivation hearing before a neutral decisionmaker at which Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and at which Petitioner has the right to counsel[.]"[9]

Respondents filed an answer to the Petition stating that "Respondents are not presenting an opposition argument at this time" and further that "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter."[10] The Court thus construes the relief requested in the § 2241 Petition as unopposed.[11]

Accordingly, the Court hereby **ORDERS** as follows:

1. The Petition is **GRANTED**.

---

[9] *Id.* Bakumets also seeks attorney's fees and costs. To recover prevailing-party fees under the Equal Access to Justice Act (the "EAJA"), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

[10] Ans. [ECF No. 9].

[11] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

2. Respondents are **DIRECTED** to **RELEASE** Petitioner **Aleksei Bakumets (A# 241-141-254) FORTHWITH** from immigration custody under appropriate conditions of supervision.

3. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: July 17, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE